# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

JUSTIN ZERINGUE

NO. 2019 KW 1332

DEC 0 6 2019

---

In Re:    State Of Louisiana, applying for supervisory writs, 17th Judicial District Court, Parish of Lafourche, Nos. 583448, 583449.

---

BEFORE:    McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**WRIT DENIED.** When reviewing a trial court's ruling on a motion to suppress based on findings of fact, great weight is placed on the trial court's determination because the court has the opportunity to observe the witnesses and weigh the credibility of their testimony. See **State v. Green**, 94-0887 (La. 5/22/95), 655 So.2d 272, 281; **State v. Peterson**, 2003-1806 (La. App. 1st Cir. 12/31/03), 868 So.2d 786, 792, writ denied, 2004-0317 (La. 9/3/04), 882 So.2d 606. Appellate courts will not set a credibility determination aside unless it is clearly contrary to the evidence.

**JEW**
**GH**

**McClendon, J.,** dissents and would grant the writ. In this case, based on the totality of the circumstances, I find there was a "substantial basis" for concluding that probable cause existed. **Illinois v. Gates**, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); **State v. Green**, 2002-1022 (La. 12/4/02), 831 So.2d 962, 969; **State v. Washington**, 2010-1807 (La. App. 1st Cir. 5/6/11), 2011 WL 2616850, at *11. "[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review." **Gates**, 462 U.S. at 236, 103 S.Ct. at 2331. Accordingly, I would find merit in the State's contention that the lower court erred in granting the motion to suppress.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT